**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| Erie Kash Out Properties LLC | § | Case No. 25-11729-AMC |
| | § | |
| Debtor. | § | |
| | § | |

**MOTION OF THE UNITED STATES TRUSTEE TO DISMISS DEBTOR'S
CASE OR CONVERT TO CHAPTER 7 FOR FAILURE
TO MAINTAIN INSURANCE**

Andrew R. Vara, the United States Trustee for Region 3 ("U.S. Trustee"), by and through his undersigned counsel, hereby moves (this "Motion") for entry of an order, pursuant to section 1112(b) of title 11 of the United States Code (11 U.S.C. § 101 *et seq.*, the "Bankruptcy Code"), dismissing the above-captioned case or converting the case to chapter 7. In support of this Motion, the U.S. Trustee states as follows:

**JURISDICTION**

1.Under (i) 28 U.S.C. § 1334, (ii) applicable order(s) of the United States District Court for the Eastern District of Pennsylvania issued pursuant to 28 U.S.C. § 157(a), and (iii) 28 U.S.C. § 157(b)(2), this Court has jurisdiction to hear and determine this Motion.

2.Pursuant to 28 U.S.C. § 586(a)(3), the U.S. Trustee is charged with administrative oversight of the bankruptcy system in this District. Such oversight is part of the U.S. Trustee's overarching responsibility to enforce the laws as written by Congress and interpreted by the courts. *See United States Trustee v. Columbia*

1

*Gas Systems, Inc. (In re Columbia Gas Systems, Inc.),* 33 F.3d 294, 295–96 (3d Cir. 1994) (noting that the U.S. Trustee has "public interest standing" under 11 U.S.C. § 307); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.),* 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog"). Under 11 U.S.C. § 307, the U.S. Trustee has standing to be heard on the Motion. *Id.*

3. The U.S. Trustee consents to the entry of a final order or judgment by the court if it is determined that the court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution. *See* L.B.R. 9014-3(b)(2).

## BACKGROUND AND FACTS

4. On May 2, 2025 (the "Petition Date"), Eric Kash Out Properties LLC, (the "Debtor") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

5. The *United States Trustee's Operating Guidelines* (the "UST Guidelines") identify and explain the requirements imposed on the Debtor, including the obligation to maintain insurance that protects the estate and provide proof thereof to the U.S. Trustee within 15 days of a petition date.

6. The Debtor was provided with a copy of the UST Guidelines which specifically sets forth the requirement to maintain insurance and provide proof of same to the U.S. Trustee.

7.     The Debtor has not provided the U.S. Trustee with proof of insurance. It is more than 15 days from the Petition Date, which is the deadline to provide proof of insurance set by the UST Guidelines.

### RELIEF REQUESTED

8.     Through this Motion, the U.S. Trustee seeks entry of an order dismissing the Debtor's case or converting the case to chapter 7.

9.     The Debtor's failure to maintain appropriate insurance is a violation of Bankruptcy Code section 1112(b) and the UST Guidelines and provides sufficient "cause" for dismissal or conversion as requested in this Motion.

10.    Absent unusual circumstances, the Bankruptcy Court *shall* convert or dismiss a case for cause, taking into consideration the "best interests of the creditors and the estate." 11 U.S.C. § 1112(b)(1); *In re Am. Capital Equip., LLC*, 688 F.3d 145, 161 (3d Cir. 2012). Bankruptcy Code section 1112 does not explicitly define "cause." Subsection (b)(4) sets out a non-exclusive list of grounds that constitute cause for purposes of either converting or dismissing a chapter 11 case, "whichever is in the best interests of creditors and the estate." 11 U.S.C. § 1112(b)(1).

11.    Once the Bankruptcy Court finds cause, the burden shifts to the opposing party to demonstrate "unusual circumstances" establishing that dismissal or conversion would not be in the best interests of the estate and the creditors. 11 U.S.C. § 1112(b)(2); *In re Grasso*, 497 B.R. 448, 455 (Bankr. E.D. Pa. 2013).

3

12.    The Bankruptcy Court has considerable discretion in determining whether to dismiss a case or rather to convert a case to Chapter 7. *In re SGL Carbon Corp.*, 200 F.3d 154, 159 (3d Cir. 1999).

13.    Cause, as defined in section 1112(b), includes the "failure to maintain appropriate insurance that poses a risk to the estate or public." 11 U.S.C. § 1112(b)(4)(C). The Debtor has failed to maintain insurance in this case, which poses a risk to the estate. The Debtor's failure to maintain appropriate insurance constitutes cause to either dismiss or convert this case under Bankruptcy Code section 1112(b)(4)(C).

14.    The U.S. Trustee is charged with supervising the administration of chapter 11 cases, including the debtor's performance of its statutory and fiduciary responsibilities. 28 U.S.C. § 586(a)(3). To fulfill that obligation assigned to it by Congress, the U.S. Trustee has adopted requirements embodied in its UST Guidelines that a debtor in possession is required to fulfill. The Guidelines set forth the requirement to maintain insurance for the benefit of the estate and provide proof thereof to the U.S. Trustee within 15 days of a petition date. The Debtor has not done so, and it is more than fifteen (15) days from the Petition Date.

15.    Cause, as defined in section 1112(b), includes the "failure timely to provide information or attend meetings reasonably requested by the United States trustee." 11 U.S.C. § 1112(b)(4)(H). The Debtor has failed to timely provide the proof of insurance as requested and required by the U.S. Trustee. The Debtor's failure to provide the U.S. Trustee with proof of insurance that protects the estate

constitutes cause to either dismiss or convert this case under Bankruptcy Code section 1112(b)(4)(H).

## CONCLUSION

16. The Debtor's failure to comply with the Bankruptcy Code and the UST Guidelines, as set forth above, places the estate at risk and constitutes grounds for the dismissal or conversion of this case to chapter 7 pursuant to Bankruptcy Code section 1112(b).

**WHEREFORE,** the U.S. Trustee respectfully requests the entry of an order granting the relief requested herein and granting such other and further relief as the Court deems just and proper.

Dated: May 30, 2025               Respectfully submitted,

**ANDREW R. VARA**
**UNITED STATES TRUSTEE**
**For Region 3**

By: /s/   John Schanne
John Schanne, Trial Attorney
Office of The United States Trustee
Robert NC Nix, Sr. Federal Building
900 Market Street, Suite 320
Philadelphia, PA 19107
Phone: (202) 934-4154
John.Schanne@usdoj.gov