# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Erie Kash Out Properties LLC,<br><br>*Debtor*. | Case No. 25-11729-amc<br>Chapter 11 |

### Debtor's Response to Objection of U.S. Bank Trust N.A. to Debtor's Motion for Interim Order Authorizing Use of Cash Collateral

Debtor Erie Kash Out Properties LLC, through its proposed attorney, respectfully responds to the objection filed by U.S. Bank Trust N.A. (the "Bank") to the Debtor's motion for an interim order authorizing the use of cash collateral. In support of the Motion, the Debtor states as follows:

1. The Debtor commenced this case by filing a voluntary petition under chapter 11 on May 2, 2025. It continues in possession of its property and is operating its business as a debtor-in-possession under 11 U.S.C. §§ 1107 and 1108.

2. In 2020, the Debtor executed a promissory note and mortgage. The mortgage secures the note with the Debtor's real property located at 30 South 62nd Street in Philadelphia, Pennsylvania, and has since been assigned to the Bank.

3. The mortgage grants the Bank a lien on the rents generated by the 62nd Street property. Under its terms, the Debtor retains a license to collect rents until the Bank enforces its lien by (i) providing notice of default to the Debtor, and (ii) providing written notice to the tenants directing them to remit rents directly to the Bank. Enforcement of the lien requires compliance with both notice conditions. *Sovereign Bank v. Schwab*, 414 F. 3d 450, 453 (3d Cir. 2005).

4. The Bank provided adequate notice of default to the Debtor. But, upon information and belief, it did not provide notice to the tenants. Because this second step was not taken, the Bank did

not enforce its lien, and the Debtor's license to collect rents remained in effect on the petition date. Accordingly, the license and rents collected under it are property of the bankruptcy estate. *In re 400 Walnut Assocs.*, 454 B.R. 601, 609 (Bankr. E.D. Pa. 2011).

5. Because the rents are property of the estate and subject to the Bank's lien, they qualify as cash collateral and may be used by the Debtor with Court approval under 11 U.S.C. § 363.

6. A proposed cash collateral budget is attached as Exhibit A.

7. The Debtor proposes to use the rents to pay necessary operating expenses and to remit regular contractual mortgage payments, which constitute adequate protection of the Bank's interest in the property.

For those reasons, the Court must overrule the Bank's objection, enter relief in the form of order attached, and enter further relief in the Debtor's favor if necessary and proper under the law.

Date: June 7, 2025

**SADEK LAW OFFICES, LLC**
*Proposed Attorney for Debtor*

By: /s/ Michael I. Assad
Michael I. Assad
1500 JFK Boulevard, Suite 220
Philadelphia, PA 19102
215-545-0008
michael@sadeklaw.com

## Certificate of Service

I certify that on this date, I did cause a copy of this document and all attachments to be electronically served on all parties on the Clerk's service list that are registered to receive notices through the CM/ECF system. I did not serve anyone by mail.

Date: June 7, 2025

/s/ Michael I. Assad
Michael I. Assad