**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re: | § Chapter 11 |
| | § |
| Erie Kash Out Properties LLC, | § Case No. 25-11729-AMC |
| | § |
| Debtor. | § Related Docket No. 59 |

**OBJECTION OF THE UNITED STATES TRUSTEE**
**TO MOTION TO EXTEND TIME TO FILE SUBCHAPTER V PLAN**

Andrew R. Vara, the United States Trustee for Region 3 ("U.S. Trustee"), by and through his undersigned counsel, files this objection (the "Objection") to the *Motion to Extend Time to File Subchapter V Plan* (Docket No. 59) (the "Motion"). In support of this Objection, the U.S. Trustee states as follows:

**PRELIMINARY STATEMENT**

1. Subchapter V provides a fast-tracked process aimed at providing the qualifying debtor an accelerated path to reorganize its business affairs, such as the exclusive right to file a plan during the first 90 days of the subchapter V case, which period can neither be reduced nor terminated. 11 U.S.C. § 1189(a). Subchapter V by its very nature is intended to be an expedited process. To balance the special new powers available to small business debtors, Congress granted creditors a very important protection: the requirement that a Subchapter V case proceed expeditiously.

2. In considering a motion to extend under section 1189(b) of title 11 of the United States Code (11 U.S.C. § 101 *et seq.*, the "Bankruptcy Code"), the burden

1

of proof rests with the debtor to establish the limited circumstances under which a court may grant an extension of the statutory deadline. The burden rests on the debtor to establish that "the need for the extension is attributable to circumstances for which the debtor should not justly be held accountable." 11 U.S.C. § 1189(b).

3. Meeting that burden is a daunting task. The stringent burden is in keeping with the design of Subchapter V to move the case expeditiously.

4. Through the Motion, the Debtor seeks an extension until after the governmental bar date to allow for the review of the proof of claim to be filed by the U.S. Small Business Administration (the "SBA"). However, the Debtor already controls all the information needed to determine the amount it owes the SBA. The Debtor is party to the loan documents with the SBA and thus knows (i) its loan balance through its own documents and ability to review the balance online and (ii) the scope of the SBA's lien, again through the loan documents and the publicly filed UCC-1. Extension under these facts would turn the carefully crafted 90-day plan filing deadline into a *de facto* 180-day deadline in Subchapter V cases.

## JURISDICTION

5. Pursuant to 28 U.S.C. § 586(a)(3), the U.S. Trustee is charged with administrative oversight of the bankruptcy system in this District. Such oversight is part of the U.S. Trustee's overarching responsibility to enforce the laws as written by Congress and interpreted by the courts. *See United States Trustee v. Columbia Gas Systems, Inc. (In re Columbia Gas Systems, Inc.),* 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that the U.S. Trustee has "public interest standing" under 11 U.S.C. §

2

307 which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog"). Under 11 U.S.C. § 307, the U.S. Trustee has standing to be heard on the Motion and this Objection. *Id.*

6. The U.S. Trustee consents to the entry of a final order or judgment by the court if it is determined that the court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution. *See* L.B.R. 9014-3(b)(2).

## BACKGROUND

7. On May 2, 2025, the Debtor filed a voluntary petition (Docket No. 1) (the "Petition") for relief under chapter 11 of the Bankruptcy Code, which initiated the above-captioned Subchapter V case.

8. The Debtor experienced difficulties at the start of the case, filing without insurance[1] and being prohibited from using cash collateral for the first two months of the case.[2] The initial difficulties have extended to a lack of required

---

[1] *See Motion of the United States Trustee to Dismiss Debtor's Case or Convert to Chapter 7 for Failure to Maintain Insurance* (Docket No. 33); *Limited Objection to Motion to Dismiss Debtor's Case or Convert to Chapter 7* (Docket No. 40) ("The Debtor acknowledges that cause for dismissal exists under 11 U.S.C. § 1112(b)."); *Amended Objection to Motion to Dismiss Debtor's Case or Convert to Chapter 7* (Docket No. 43) (attaching insurance with an effective date of June 5, 2025, which is more than one month after the Petition Date).

[2] *Order Continuing Hearing on Debtor's Motion for Interim Order Authorizing Cash Collateral* (Docket No. 32) ("The Debtor is prohibited from using cash collateral until further order of the court."); *Consent Order Authorizing Use of Cash Collateral* (Docket No. 50) (Authorizing the use of cash collateral only in accordance with the budget and ordering that "[t]he Debtor must make all payments that became due in May and June 2025 within seven (7) days after the entry of this order.")

3

reporting. The Debtor has not filed any monthly operating reports, two of which are now past-due.

9. On the Petition Date, the Debtor filed, among other things, *Schedule D: Creditors Who Have Claims Secured by Property* (Docket No. 1) ("Schedule D"). Schedule D lists the U.S. Small Business Administration (the "SBA") as holding an unliquidated secured claim in the amount of $118,265.00. Schedule D notes that the SBA filed a UCC-1 financing statement.

10. On July 28, 2025, the Debtor filed the Motion seeking an extension of the deadline to file its Subchapter V plan from July 31st until November 12, 2025. The Debtor states that an extension is needed to allow the governmental bar date to pass so that the Debtor can analyze the SBA claim once filed. The Motion does not state why the Debtor cannot determine the claim from its own books and records.

**OBJECTION**

11. Bankruptcy Code section 1189 provides that the debtor shall file a plan within 90 days after the Petition Date, except that "the court may extend the period if the need for the extension is attributable to circumstances for which the debtor should not justly be held accountable." 11 U.S.C. § 1189(b).

12. The standard for an extension is more stringent than the "for cause" standard of Bankruptcy Rule 9006(b), which governs extensions generally, and § 1121(d)(1), which permits extension of the exclusivity period for the debtor to file and obtain confirmation of a plan in a traditional chapter 11 case. *In re Online King LLC*, 629 B.R. 340, 349 (Bankr. E.D.N.Y. 2021) ("In considering a motion to

4

extend under § 1189(b), there can be no dispute that the burden of proof rests with the debtor to establish the limited circumstances under which a court may grant an extension of the statutory deadline…Meeting that burden, however, is no small feat. It is a stringent one.").

13. Courts have denied the request for an extension to file a plan where a Subchapter V debtor is relying on "a generalized excuse applicable to any business bankruptcy case." *In re Online King LLC*, 629 B.R. at 351.

14. Bankruptcy Code section 502(b)(9) provides that, in general, governmental entities have 180 days from the petition date to file proofs of claim (*i.e.*, twice as long as the deadline for the debtor to file a Subchapter V plan).

15. Here, the Debtor seeks extension of the deadline to file its Subchapter V plan until after expiration of the governmental bar date. This generalized request for extension does not meet the stringent burden imposed by section 1189(b). The Debtor is party to the loan agreement with the SBA and the information needed to determine the amount owed and scope of the liens is within the Debtor's existing books and records. To the extent the Debtor's books and records are such that the Debtor is unable to determine the amounts it owes the SBA, rather than provide grounds for extension, that fact would explain the absence of filed operating reports and militate in favor of dismissal or conversion.

16. The Debtor has not carried its stringent burden through the generalized request set forth in the Motion. Granting the relief requested here would create a *de facto* deadline of 180-days to file the plan in Subchapter V cases

in contravention of the careful balance established by Congress in adopting the statute.

## CONCLUSION

**WHEREFORE,** the U.S. Trustee respectfully requests that this Court sustain this Objection and grant such other relief as it deems just and proper.

Dated: July 29, 2025

Respectfully submitted,

**ANDREW R. VARA**
**UNITED STATES TRUSTEE**
**For Region 3**

By: /s/ *John Schanne*
John Schanne, Trial Attorney
United States Department of Justice
Office of The United States Trustee
Robert NC Nix, Sr. Federal Building
900 Market Street, Suite 320
Philadelphia, PA 19107
Phone: (202) 934-4154
John.Schanne@usdoj.gov