**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | § § § | Chapter 11 |
| Erie Kash Out Properties LLC, | § § | Case No. 25-11729-AMC |
| Debtor. | § § § | |

**MOTION OF THE UNITED STATES TRUSTEE TO DISMISS DEBTOR'S CASE OR CONVERT TO CHAPTER 7 FOR FAILURE TO FILE OPERATING REPORTS**

Andrew R. Vara, the United States Trustee for Region 3 ("U.S. Trustee"), by and through his undersigned counsel, hereby moves (this "Motion") for entry of an order, pursuant to section 1112(b) of title 11 of the United States Code (11 U.S.C. § 101 *et seq.*, the "Bankruptcy Code"), dismissing the above-captioned case or converting the case to chapter 7. In support of this Motion, the U.S. Trustee states as follows:

**JURISDICTION**

1. Under (i) 28 U.S.C. § 1334, (ii) applicable order(s) of the United States District Court for the Eastern District of Pennsylvania issued pursuant to 28 U.S.C. § 157(a), and (iii) 28 U.S.C. § 157(b)(2), this Court has jurisdiction to hear and determine this Motion.

2. The U.S. Trustee is charged with ensuring that required MORs are timely and properly filed. 28 U.S.C. § 586(a)(3)(D); *In re Mullock*, 404 B.R. 800, 809

1

(Bankr. E.D. Pa. 2009) (the form and content of the monthly operating reports are controlled by the U.S. Trustee).

3.  Under Bankruptcy Code section 307, the U.S. Trustee has standing to be heard on the Motion.

4.  The U.S. Trustee consents to the entry of a final order or judgment by the court if it is determined that the court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution. *See* L.B.R. 9014-3(b)(2).

## BACKGROUND AND FACTS

5.  On May 2, 2025 (the "Petition Date"), Erie Kash Out Properties LLC (the "Debtor") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

6.  The *United States Trustee's Operating Guidelines* (the "UST Guidelines") identify and explain the reporting requirements imposed on the Debtor, including the obligation to file monthly reporting. The Debtor was provided with a copy of the UST Guidelines.

7.  The Debtor has not filed the required monthly operating reports for May 2025 or June 2025 (each an "MOR" and collectively, the "MORs"), each of which is past due.

**RELIEF REQUESTED**

8.      Through this Motion, the U.S. Trustee seeks entry of an order dismissing the Debtor's case or converting the case to chapter 7.

**DISCUSSION**

9.      There can be no dispute that the Bankruptcy Code requires debtors to file periodic MORs. Bankruptcy Code section 1107(a) requires a debtor in possession to file the financial reports required by section 704(a)(8). Rule 2015(a) of the Federal Rules of Bankruptcy Procedure also imposes these reporting requirements upon the debtor. Local Bankruptcy Rule 2015-1 requires the debtor to file a copy of the MORs on the docket. The UST Guidelines explain the reporting requirements and were provided to the Debtor. Nevertheless, the Debtor has not filed all the required MORs.

10.     Absent unusual circumstances, the Bankruptcy Court *shall* convert or dismiss a case for cause, taking into consideration the "best interests of the creditors and the estate." 11 U.S.C. § 1112(b)(1); *In re Am. Capital Equip., LLC*, 688 F.3d 145, 161 (3d Cir. 2012). Bankruptcy Code section 1112 does not explicitly define "cause." Subsection (b)(4) sets out a non-exclusive list of grounds that constitute cause for purposes of either converting or dismissing a chapter 11 case, "whichever is in the best interests of creditors and the estate." 11 U.S.C. § 1112(b)(1).

11.     Once the Bankruptcy Court finds cause, the burden shifts to the opposing party to demonstrate "unusual circumstances" establishing that dismissal

or conversion would not be in the best interests of the estate and the creditors. 11 U.S.C. § 1112(b)(2); *In re Grasso*, 497 B.R. 448, 455 (Bankr. E.D. Pa. 2013).

12. The Bankruptcy Court has considerable discretion in determining whether to dismiss a case or rather to convert a case to Chapter 7. *In re SGL Carbon Corp.*, 200 F.3d 154, 159 (3d Cir. 1999).

A. **Cause Exists Pursuant to Bankruptcy Code section 1112(b)(4)(B)**

13. Cause, as defined in Bankruptcy Code section 1112(b), includes the "gross mismanagement of the estate." 11 U.S.C. § 1112(b)(4)(B). A debtor's failure to timely file meaningful MORs is an indication of gross mismanagement of the estate. *In re: Domiano*, 442 B.R. 97 (Bankr. M.D. Pa. 2010). Here, the Debtor has not even filed the missing MORs, let alone provided sufficient information in them. Accordingly, the Debtor's failure to file timely the MORs constitutes cause to either dismiss or convert this case under Bankruptcy Code section 1112(b)(4)(B).

B. **Cause Exists Pursuant to Bankruptcy Code section 1112(b)(4)(F)**

14. Cause, as defined in Bankruptcy Code section 1112(b), includes the "unexcused failure to satisfy timely any filing or reporting requirement." 11 U.S.C. § 1112(b)(4)(F).

15. Timely filing of monthly operating reports is "one of the most fundamental and crucial duties of a debtor-in-possession." *Grasso*, 490 B.R. at 520 n.15. "Refusal or inability to provide financial disclosure sounds the death knell of a chapter 11 case. The failure to file monthly operating statements required by the Trustee's operating guidelines, whether based on inability to do so or otherwise,

4

undermines the Chapter 11 process and constitutes cause for dismissal or conversion of the Chapter 11 proceedings." *In re Tornheim*, 181 B.R. 161, 164 (Bankr. S.D.N.Y. 1995) (internal citations omitted).

16. The Debtor has not filed the MORs for May or June, each of which is past due. Untimely filing of monthly operating reports constitutes "cause" for dismissal or conversion under Bankruptcy Code section 1112(b)(4)(F). *See Alston v. DeAngelis (In re Alston)*, No. 13-1855, 2013 U.S. Dist. LEXIS 168661, at *28 (E.D. Pa. Nov. 27, 2013); *In re Berkman*, No. 09-17860 ELF, 2010 Bankr. LEXIS 665, at *8 n.7 (Bankr. E.D. Pa. Mar. 10, 2010); *In re Wilkins Inv. Group, Inc.*, 171 B.R. 194, 196 (Bankr. M.D. Pa. 1994) ("The failure to file operating reports constitutes cause for dismissal.").

17. Even if the Debtor were to file all MORs after the time of filing of this Motion, the Debtor's delay in filing would itself constitute cause to convert or dismiss this case under section 1112(b). *In re Babayoff*, 445 B.R. 64, 81 (Bankr. E.D.N.Y. 2011) (finding cause to convert or dismiss under section 1112(b) where debtor filed multiple monthly operating reports "in a single batch, weeks or months late"). Accordingly, the Debtor's failure to file timely the MORs constitutes cause to either dismiss or convert this case under Bankruptcy Code section 1112(b)(4)(F).

C. **Cause Exists Pursuant to Bankruptcy Code Section 1112(b)(4)(H)**

18. Cause, as defined in section 1112(b), includes the "failure timely to provide information or attend meetings reasonably requested by the United States trustee." 11 U.S.C. § 1112(b)(4)(H). The U.S. Trustee is charged with supervising

5

the administration of chapter 11 cases, including the debtor's performance of its statutory and fiduciary responsibilities. 28 U.S.C. § 586(a)(3). To fulfill that obligation assigned to it by Congress, the U.S. Trustee has adopted reporting requirements embodied in its UST Guidelines that a debtor-in-possession is required to fulfill. The Guidelines set forth the requirement to timely file MORs and note that a failure to file is cause for dismissal or conversion to chapter 7.

19. The Debtor has failed to file the MORs as requested by the U.S. Trustee and therefore "cause" exists to convert or dismiss under Bankruptcy Code section 1112(b)(4)(H). *In re Kholyavka*, No. 08-10653 DWS, 2008 Bankr. LEXIS 2631, at *10-12 (Bankr. E.D. Pa. Aug. 20, 2008) (describing the statutory bases of the reporting requirements, the need to comply with the Guidelines, and the U.S. Trustee's duty to seek relief for reporting failures); *In re Hoyle*, No. 10-01484 TLM, 2013 Bankr. LEXIS 420, at *9 (Bankr. D. Idaho Jan. 17, 2013) (same).

## CONCLUSION

20. The failure to comply with the provisions of the Bankruptcy Code, the Federal and Local Bankruptcy Rules, and the UST Guidelines requiring timely filing of the MORs, all as set forth above, constitutes grounds for the dismissal or conversion of this case to chapter 7 pursuant to Bankruptcy Code section 1112(b).

**WHEREFORE,** the U.S. Trustee respectfully requests the entry of an order granting the relief requested herein and granting such other and further relief as the Court deems just and proper.

Dated: July 29, 2025　　　　　　　　　Respectfully submitted,

**ANDREW R. VARA**
**UNITED STATES TRUSTEE**
**For Regions 3 and 9**

By: /s/ *John Schanne*
John Schanne, Trial Attorney
Office of The United States Trustee
Robert NC Nix, Sr. Federal Building
900 Market Street, Suite 320
Philadelphia, PA 19107
Phone: 202.934.4154
John.Schanne@usdoj.gov