IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| In re | : | Chapter 11 |
|  | : |  |
| ERIE KASH OUT PROPERTIES LLC | : |  |
|  | : | Case No. 25-11729(AMC) |
| Debtor. | : |  |

## THE CITY OF PHILADELPHIA'S RESPONSE TO DEBTOR'S OBJECTION TO CLAIM #3 OF THE CITY OF PHILADELPHIA

The City of Philadelphia ("City"), by and through its undersigned counsel, hereby responds to the Objection Claim No. 3 of the City of Philadelphia (Docket No. 51)("the Objection") respectively filed by the Debtor, Erie Kash Out Properties LLC ("the Debtor"). The City responds as follows:

1. Admitted.

2. Admitted in part, denied in part. It is admitted that the City's Claim #3-1 consists of two parts: 1) a secured claim of $4,027.46 for commercial trash fees for the real property located at 30 S. 62nd Street; and 2) unliquidated claim due to the Debtor's failure to file Business Income & Receipts Tax returns for the periods 12/31/19 to 12/31/24.

3. Admitted.

4. Admitted. By way of further response, the City states the reason why the claim is unliquidated is that the Debtor did not filed the required tax returns for the periods in which its Business Income & Receipts Tax account was open.

5. Admitted in part, denied in part. It is admitted only the City's claim listed the Business Income & Receipts taxes as unliquidated because the Debtor did not file the

required tax returns for the periods in which its Business Income & Receipts Tax account was open. The remaining averments are denied.

6. Denied as stated. It is agreed that the City's Business Income & Receipts Tax claim will need to be liquidated prior to confirmation to determine plan feasibility. However, the Debtor completely overlooks that this problem is one of its own making because the Debtor has failed to file the required tax returns on its tax account.[1]

7. Denied as a legal conclusion to which no response is required. By way of further response, as discussed above, the Debtor completely overlooks that this problem is one of its own making because the Debtor has failed to file the required tax returns on its tax account. The Debtor has known about the unfiled tax returns since May 21, 2025, when the City filed its proof of claim, but upon information and belief, has taken no actions to file the required tax returns or otherwise resolve this matter with the City.

WHEREFORE, the City requests the Court DENY the claims objection for the reasons stated above.

Respectfully submitted,

THE CITY OF PHILADELPHIA

Dated: August 22, 2025     By:   /s/ Pamela Elchert Thurmond
                                  PAMELA ELCHERT THURMOND

---

[1] In the Debtor's answer to Q.25 of its Statement of Financial Affairs [D.I. 1, pp. 21-23], the Debtor states Kerryn Richardson is the sole member of the Debtor. If Kerryn Richardson is and has been the sole member of the Debtor for the entire period for which the City seeks tax returns (2019 to 2024), then it is likely that the Debtor is a single-member limited liability company which is disregarded for federal income tax purposes and that the Debtor would also be a disregarded entity for the purposes of the City's Business Income & Receipts Tax. Thus, the taxes would be filed and paid under Ms. Richardson's individual tax account.

Without reviewing the Debtor's membership documents, the City cannot determine the truth of the membership structure. However, the undersigned counsel has searched the City's tax accounts to locate a business tax account under Ms. Richardson's name and has found none.

2

Senior Attorney
PA Attorney I.D. 202054
Attorney for the City of Philadelphia
City of Philadelphia Law Department
Municipal Services Building
1401 JFK Boulevard, 5th Floor
Philadelphia, PA  19102-1595
215-686-0508 (phone)
215-686-0588 (facsimile)
Email: Pamela.Thurmond@phila.gov

3