**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re: Erie Kash Out Properties LLC,<br><br>*Debtor.* | Case No. 25-11729-amc<br>Chapter 11 |

### Chapter 11 Subchapter V Plan of Reorganization

To Chief U.S. Bankruptcy Judge Ashely M. Chan, U.S. Trustee Andrew R. Vara, Subchapter V Trustee Holly Smith Miller, and all creditors, equity security holders, and interested parties:

Debtor Erie Kash Out Properties LLC, through its proposed attorney, submits this plan of reorganization under 11 U.S.C. §§ 1128 and 1129.

Date: September 2, 2025

**SADEK LAW OFFICES, LLC**
*Attorney for Debtor*

By: _/s/_
Michael I. Assad
Brad J. Sadek
1500 JFK Boulevard, Suite 220
Philadelphia, PA 19102
215-545-0008
michael@sadeklaw.com

---

### Background

The Debtor, a Pennsylvania limited liability company, owns and operates a three-unit residential rental property located at 30 South 62nd Street, in Philadelphia, PA. The Property was purchased in June 2019 and is the Debtor's primary asset. Since acquisition, the Property experienced significant vacancy periods due to the COVID-19 pandemic and the need for substantial repairs to restore the units to rentable condition. These challenges disrupted rental income and contributed to financial difficulties, including the accumulation of secured and unsecured debts.

As of March 15, 2025, all three units are fully rented, generating a stable monthly rental income. The Debtor has addressed the repair needs and stabilized operations, enabling it to propose this Plan of Reorganization under Subchapter V of Chapter 11.

### Article 1
### Summary

This Plan of Reorganization under chapter 11 of Title 11, United States Code, proposes to pay creditors of the Debtor from its future income.

The Plan provides for:   1 class of priority claims;
3 classes of secured claims;
1 class of non-priority unsecured claims; and
1 class of equity security holders.

Non-priority unsecured creditors holding allowed claims will receive distributions from the Debtor's disposable income. This Plan also provides for the payment of administrative and priority claims.

All creditors and equity security holders should refer to Article 2 of this Plan for information regarding the precise treatment of their claim. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

**Article 2**
**Classification and Treatment of Claims and Interests**

(a) **Administrative Expense Claims.** Each holder of an administrative expense claim allowed under 11 U.S.C. § 503 will be paid in full on the Effective Date. These claims are not classified, not impaired, and not entitled to vote.

(b) **Priority Tax Claims.** Each holder of a priority tax claim will be paid in full on the Effective Date. These claims are not classified, not impaired, and not entitled to vote.

(c) **Statutory Fees.** All fees required to be paid under 28 U.S.C. § 1930 that are owed on or before the Effective Date have been paid or will be paid on the Effective Date. These claims are not classified, not impaired, and not entitled to vote.

(d) **Class 1.** Allowed claims entitled to priority under 11 U.S.C. § 507(a), except administrative expense claims under 11 U.S.C. § 507(a)(2), and priority tax claims under 11 U.S.C. § 507(a)(8). These claims are treated as provided in Exhibit C.

(e) **Class 2.** Mortgage claims secured by the Debtor's real property to the extent allowed as secured under 11 U.S.C. § 506(a). These claims are treated as provided in Exhibit C.

(f) **Class 3.** Municipal claims against the Debtor's real property to the extent allowed as secured under 11 U.S.C. § 506(a). These claims are treated as provided in Exhibit C.

(g) **Class 4.** Claims secured by the Debtor's personal property to the extent allowed as secured under 11 U.S.C. § 506(a). These claims are treated as provided in Exhibit C.

(h) **Class 5.** All timely-filed allowed general unsecured claims, which will receive-pro rata distributions funded by the Debtor's projected net disposable income over three years. This class is impaired and entitled to vote.

(i) **Class 6.** All equity interests of the debtor, which will be retained, unaltered, and outstanding. This class is not impaired and not entitled to vote.

**Article 3**
**Confirmation and Voting**

(a) **Confirmation of Plan.** The Debtor is seeking confirmation of this plan under 11 U.S.C. § 1146(a). Confirmation under Section 1146(a) requires that creditors vote to approve the plan under the rules outlined in Article 3(b) of this plan.

If confirmation under Section 1146(a) is not successful, the debtor will seek confirmation under 11 U.S.C. § 1146(b). To confirm the plan under Section 1146(b), the court must find that all creditors and equity interest holders who do not accept the plan will receive at least

as much under the plan as such claim and equity interest holders would receive in a chapter 7 liquidation. A liquidation analysis is attached as Exhibit A.

(b) **Voting Rights and Plan Acceptance.** Only creditors in classes that are impaired may vote on whether to accept or reject the plan, and only creditors holding allowed claims may vote. A class accepts the plan when more than one-half (1/2) in number and at least two-thirds (2/3) in dollar amount of the allowed claims that actually vote, vote in favor of the plan. A class that is not impaired is deemed to accept the plan.

### Article 4
### Allowance and Disallowance of Claims

(a) **Disputed Claim.** A disputed claim is a claim that has not been allowed or disallowed, and as to which either:

 (1) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or

 (2) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

(b) **Delay of Distribution.** No distribution will be made on account of a disputed claim unless such claim is allowed.

(c) **Settlement of Dispute.** The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Fed. R. Bankr. P. 9019.

### Article 5
### Executory Contracts and Unexpired Leases

(a) On the Effective Date, the Debtor shall be deemed to have assumed following executory contracts and unexpired leases pursuant to 11 U.S.C. §§ 365 and 1123(b)(2):

| Leaseholder | Description | Treatment |
| --- | --- | --- |
| KELS LLC | Residential Lease of Unit 1 at 30 South 62nd Street, Philadelphia, PA | Assumed |
| KELS LLC | Residential Lease of Unit 2 at 30 South 62nd Street, Philadelphia, PA | Assumed |
| KELS LLC | Residential Lease of Unit 3 at 30 South 62nd Street, Philadelphia, PA | Assumed |

(b) On the Effective Date, the Debtor will be conclusively deemed to have rejected all executory contracts and unexpired leases except those provided in Article 5(a) of this plan.

(c) A proof of claim arising from the rejection of an executory contract or unexpired lease under Article 5(b) must be filed no later than twenty-one days after the date of the order confirming this Plan.

3

| Article 6 |
| :---: |
| **Means for Implementation of the Plan** |

(a)     **Funding.** The Plan will be funded exclusively through rental income generated from the Debtor's real property located at 30 South 62nd Street, Philadelphia, Pennsylvania (the "Property").

(b)     **Property Operations.** The Debtor shall retain and continue to operate the Property as an income-producing rental asset throughout the term of the Plan.

(c)     **Use of Funds.** Rental income shall be used to pay ordinary operating expenses, administrative expenses, and distributions to creditors as provided in this Plan.

(d)     **Secured Creditor Distribution.** Allowed secured claims will be paid in equal monthly installments over a period of sixty months from the Effective Date, with interest at the applicable statutory rate.

(e)     **Unsecured Creditor Distribution.** General unsecured creditors shall receive a pro rata distribution from any funds remaining after payment in full of administrative and secured claims.

(f)     **Disbursement Agent.** The Debtor shall act as disbursing agent and shall make all payments required under this Plan from rental income.

(g)     **Prepayment.** The Debtor may prepay any allowed claim, in whole or in part, at any time without penalty.

(h)     **Employment of Professionals.** From and after the Effective Date, the Debtor may, in the ordinary course and without court approval, pay the reasonable fees and expenses of professional persons thereafter incurred, including, without limitation, those fees and expenses incurred in connection with the implementation and consummation of the Plan.

(i)     **Default.** The following events will constitute a material default under the Plan:

       (1)     failure to comply with any requirements of § 7(d) or 7(e).

| Article 7 |
| :---: |
| **Default Remedies** |

(a)     **Remedies Available to Subchapter V Trustee.** Notwithstanding any other provision of this Plan, if the Debtor fails to perform any post-petition obligation to the Subchapter V Trustee, the Subchapter V Trustee may give a default notice to the Debtor on or after the fifteenth (15th) day following the default. The notice period shall be thirty-five (35) days. If the Debtor fails to cure the default within the notice period, the Subchapter V Trustee may file a certification of default with the Court. Upon such certification, the Court may enter an order converting this case to Chapter 7 without further notice or hearing.

(b)     **Remedies Available to Secured Creditors.** Notwithstanding any other provision of this Plan, if the Debtor defaults on its obligations in the manner contemplated by § 7(i), any secured creditor may give a default notice to the Debtor on or after the fifteenth (15th) day following the default. The notice period shall be fourteen (14) days. If the Debtor fails to cure the default within the notice period, the creditor may file a certification of default with the Court. Upon such certification, the Court may enter an order modifying the automatic stay to permit the creditor to exercise its *in rem* rights under applicable nonbankruptcy law.

(c) **Default Notice Procedure.** A "default notice" is a written notice that identifies the nature of the Debtor's default under the Plan and states that the noticing party intends to invoke the remedies provided for in this section.

    (1) **Content of Notice.** A default notice must state the specific default the Debtor has committed under the Plan, specify the action the Debtor must take to cure the default, and identify the calendar date by which such action must be completed.

    (2) **Service of Notice.** A default notice must be sent by first-class mail, postage prepaid, to the Debtor at its address on file with the Clerk of Court. On the day the default notice is mailed, the noticing party must file a copy of the default notice and a certificate of service with the Court.

    (3) **Notice Period.** A notice period is the period beginning on the date a default notice is mailed and continuing through the deadline stated in the notice. During the notice period, the Debtor will have the opportunity to cure the default by taking the action specified in the notice. If the Debtor cures the default within the notice period, the default shall be deemed waived and no further action may be taken based on that notice.

**Article 8**
**General Provisions**

(a) **Definitions and Rules of Construction.** The definitions and rules of construction set forth in 11 U.S.C. §§ 101 and 102 shall apply when terms defined or construed in Title 11 are used in this Plan.

(b) **Time Computation.** All periods of time stated in this plan are computed in accordance with Fed. R. Bankr. P. 9006(a).

(c) **Effective Date.** The Effective Date means the date that is:

    (1) fourteen days after entry of the order confirming this plan, or

    (2) one day after the expiration or termination of an order staying confirmation.

(d) **Vesting of Property.** On the Effective Date, all property of the estate will revest in the Debtor.

(e) **Severability.** If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

(f) **Binding Effect.** The rights and obligations of any entity named or referred to in this Plan will be binding upon and will inure to the benefit of the successors or assigns of such entity.

(g) **Captions.** The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

(h) **Controlling Effect.** Unless a rule of law or procedure is supplied by federal law, regulation, or rule, the laws of the State of Pennsylvania govern this Plan and all agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

(i) **Corporate Governance.** The Debtor shall not issue nonvoting equity securities. The articles of incorporation shall provide for an appropriate distribution of voting power among all classes of voting equity securities, and, in the case of any class of equity securities having a preference over

      another class with respect to dividends, shall include adequate provisions for the election of directors by the holders of such preferred class in the event of a default in the payment of such dividends.

## Article 9
## Discharge

(a)     If this Plan is confirmed under 11 U.S.C. § 1191(a), on the Effective Date, the Debtor will be discharged from any debt that arose before confirmation of this Plan, to the extent specified in 11 U.S.C. § 1141(d)(1)(A), except that the Debtor will not be discharged of any debt:

    (1)     imposed by this Plan, or

    (2)     to the extent provided in § 1141(d)(6).

(b)     If this Plan is confirmed under 11 U.S.C. § 1191(b), confirmation does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments due within the first 3 years of this Plan, or as otherwise provided in 11 U.S.C. § 1192. The Debtor will not be discharged from any debt:

    (1)     on which the last payment is due after the first 3 years of the plan, or as otherwise provided in 11 U.S.C. § 1192; or

    (2)     excepted from discharge under 11 U.S.C. § 523(a), except as provided in Fed R. Bankr. P. Rule 4007(c).

## Article 10
## Retention of Jurisdiction

(a)     The Bankruptcy Court shall retain jurisdiction after confirmation of this Plan to the extent permitted by law to interpret, enforce, or modify the Plan; resolve objections to claims and disputes concerning distributions; enter orders related to the sale of property or final dissolution of the Debtor; and issue a final decree closing the case.

**Exhibit A**
**Liquidation Analysis**

**Assets**

Accounts receivable ................................................................................................................$0.00

Inventory..................................................................................................................................$0.00

Office furniture & equipment....................................................................................................$0.00

Machinery & equipment...........................................................................................................$0.00

Automobiles.............................................................................................................................$0.00

Real property ..............................................................................................................$200,000.00

Customer list............................................................................................................................$0.00

Stocks, bonds, and other financial assets ...............................................................................$0.00

Lawsuits or other claims against third parties.........................................................................$0.00

Other intangibles .....................................................................................................................$0.00

    **Total assets at liquidation value ...........................................................................$200,000.00**

      **Less:**  Secured creditors' recoveries .......................................................................$168,750.00

      **Less:**  Chapter 7 trustee fees and expenses..............................................................$31,250.00

      **Less:**  Chapter 11 administrative expenses .......................................................................$0.00

      **Less:**  Priority claims (excluding administrative expense claims)........................................$0.00

          (1) Balance for unsecured claims ..............................................................................$0.00

          (2) Total dollar amount of unsecured claims ......................................................$189.10

    *Percentage of claims which unsecured creditors*
    *would receive or retain in a chapter 7 liquidation..................................................................0%*

    *Percentage of claims which unsecured creditors will receive under this plan................100%*

| **Exhibit B** <br> **Cash Flow Projection** |
|---|

|  | **Month 1** | **Month 2** | **Month 3** | **Month 4** | **Month 5** | **Month 6** |
|---|---|---|---|---|---|---|
| **Receipts** | $6,000.00 | $6,000.00 | $6,000.00 | $6,000.00 | $6,000.00 | $6,000.00 |
| **Expenses** |  |  |  |  |  |  |
| Insurance | $190.00 | $190.00 | $190.00 | $190.00 | $190.00 | $190.00 |
| Property Tax | $200.00 | $200.00 | $200.00 | $200.00 | $200.00 | $200.00 |
| Property Maintenance | $800.00 | $800.00 | $800.00 | $800.00 | $800.00 | $800.00 |
| Attorney Fees | $500.00 | $500.00 | $500.00 | $500.00 | $500.00 | $500.00 |
| Trustee Fees | $400.00 | $400.00 | $400.00 | $400.00 | $400.00 | $400.00 |
| **Debt Service** |  |  |  |  |  |  |
| U.S. Bank | $2,030 | $2,030 | $2,030 | $2,030 | $2,030 | $2,030 |
| City of Philadelphia | $208.00 | $208.00 | $208.00 | $208.00 | $208.00 | $208.00 |
| **Disposable Income** | **$1,672.00** | **$1,672.00** | **$1,672.00** | **$1,672.00** | **$1,672.00** | **$1,672.00** |

|  | **Month 7** | **Month 8** | **Month 9** | **Month 10** | **Month 11** | **Month 12** |
|---|---|---|---|---|---|---|
| **Receipts** | $6,000.00 | $6,000.00 | $6,000.00 | $6,000.00 | $6,000.00 | $6,000.00 |
| **Expenses** |  |  |  |  |  |  |
| Insurance | $190.00 | $190.00 | $190.00 | $190.00 | $190.00 | $190.00 |
| Property Tax | $200.00 | $200.00 | $200.00 | $200.00 | $200.00 | $200.00 |
| Property Maintenance | $800.00 | $800.00 | $800.00 | $800.00 | $800.00 | $800.00 |
| Attorney Fees | $500.00 | $500.00 | $500.00 | $500.00 | $500.00 | $500.00 |
| Trustee Fees | $400.00 | $400.00 | $400.00 | $400.00 | $400.00 | $400.00 |
| **Debt Service** |  |  |  |  |  |  |
| U.S. Bank | $2,030 | $2,030 | $2,030 | $2,030 | $2,030 | $2,030 |
| City of Philadelphia | $208.00 | $208.00 | $208.00 | $208.00 | $208.00 | $208.00 |
| **Disposable Income** | **$1,672.00** | **$1,672.00** | **$1,672.00** | **$1,672.00** | **$1,672.00** | **$1,672.00** |

|  | Month 13 | Month 14 | Month 15 | Month 16 | Month 17 | Month 18 |
|---|---|---|---|---|---|---|
| **Receipts** | $6,000.00 | $6,000.00 | $6,000.00 | $6,000.00 | $6,000.00 | $6,000.00 |
| **Expenses** |  |  |  |  |  |  |
| **Insurance** | $190.00 | $190.00 | $190.00 | $190.00 | $190.00 | $190.00 |
| **Property Tax** | $200.00 | $200.00 | $200.00 | $200.00 | $200.00 | $200.00 |
| **Property Maintenance** | $800.00 | $800.00 | $800.00 | $800.00 | $800.00 | $800.00 |
| **Attorney Fees** | $500.00 | $500.00 | $500.00 | $500.00 | $500.00 | $500.00 |
| **Trustee Fees** | $400.00 | $400.00 | $400.00 | $400.00 | $400.00 | $400.00 |
| **Debt Service** |  |  |  |  |  |  |
| **U.S. Bank** | $2,030 | $2,030 | $2,030 | $2,030 | $2,030 | $2,030 |
| **City of Philadelphia** | $208.00 | $208.00 | $208.00 | $208.00 | $208.00 | $208.00 |
| **Disposable Income** | **$1,672.00** | **$1,672.00** | **$1,672.00** | **$1,672.00** | **$1,672.00** | **$1,672.00** |

|  | Month 19 | Month 20 | Month 21 | Month 22 | Month 23 | Month 24 |
|---|---|---|---|---|---|---|
| **Receipts** | $6,000.00 | $6,000.00 | $6,000.00 | $6,000.00 | $6,000.00 | $6,000.00 |
| **Expenses** |  |  |  |  |  |  |
| **Insurance** | $190.00 | $190.00 | $190.00 | $190.00 | $190.00 | $190.00 |
| **Property Tax** | $200.00 | $200.00 | $200.00 | $200.00 | $200.00 | $200.00 |
| **Property Maintenance** | $800.00 | $800.00 | $800.00 | $800.00 | $800.00 | $800.00 |
| **Attorney Fees** | $500.00 | $500.00 | $500.00 | $500.00 | $500.00 | $500.00 |
| **Trustee Fees** | $400.00 | $400.00 | $400.00 | $400.00 | $400.00 | $400.00 |
| **Debt Service** |  |  |  |  |  |  |
| **U.S. Bank** | $2,030 | $2,030 | $2,030 | $2,030 | $2,030 | $2,030 |
| **City of Philadelphia** | $208.00 | $208.00 | $208.00 | $208.00 | $208.00 | $208.00 |
| **Disposable Income** | **$1,672.00** | **$1,672.00** | **$1,672.00** | **$1,672.00** | **$1,672.00** | **$1,672.00** |

|  | Month 25 | Month 26 | Month 27 | Month 28 | Month 29 | Month 30 |
|---|---|---|---|---|---|---|
| **Receipts** | $6,000.00 | $6,000.00 | $6,000.00 | $6,000.00 | $6,000.00 | $6,000.00 |
| **Expenses** |  |  |  |  |  |  |
| **Insurance** | $190.00 | $190.00 | $190.00 | $190.00 | $190.00 | $190.00 |
| **Property Tax** | $200.00 | $200.00 | $200.00 | $200.00 | $200.00 | $200.00 |
| **Property Maintenance** | $800.00 | $800.00 | $800.00 | $800.00 | $800.00 | $800.00 |
| **Attorney Fees** | $500.00 | $500.00 | $500.00 | $500.00 | $500.00 | $500.00 |
| **Trustee Fees** | $400.00 | $400.00 | $400.00 | $400.00 | $400.00 | $400.00 |
| **Debt Service** |  |  |  |  |  |  |
| **U.S. Bank** | $2,030 | $2,030 | $2,030 | $2,030 | $2,030 | $2,030 |
| **City of Philadelphia** | $208.00 | $208.00 | $208.00 | $208.00 | $208.00 | $208.00 |
| **Disposable Income** | **$1,672.00** | **$1,672.00** | **$1,672.00** | **$1,672.00** | **$1,672.00** | **$1,672.00** |

|  | Month 31 | Month 32 | Month 33 | Month 34 | Month 35 | Month 36 |
|---|---|---|---|---|---|---|
| **Receipts** | $6,000.00 | $6,000.00 | $6,000.00 | $6,000.00 | $6,000.00 | $6,000.00 |
| **Expenses** |  |  |  |  |  |  |
| **Insurance** | $190.00 | $190.00 | $190.00 | $190.00 | $190.00 | $190.00 |
| **Property Tax** | $200.00 | $200.00 | $200.00 | $200.00 | $200.00 | $200.00 |
| **Property Maintenance** | $800.00 | $800.00 | $800.00 | $800.00 | $800.00 | $800.00 |
| **Attorney Fees** | $500.00 | $500.00 | $500.00 | $500.00 | $500.00 | $500.00 |
| **Trustee Fees** | $400.00 | $400.00 | $400.00 | $400.00 | $400.00 | $400.00 |
| **Debt Service** |  |  |  |  |  |  |
| **U.S. Bank** | $2,030 | $2,030 | $2,030 | $2,030 | $2,030 | $2,030 |
| **City of Philadelphia** | $208.00 | $208.00 | $208.00 | $208.00 | $208.00 | $208.00 |
| **Disposable Income** | **$1,672.00** | **$1,672.00** | **$1,672.00** | **$1,672.00** | **$1,672.00** | **$1,672.00** |

| | **Exhibit C**<br>**Treatment of Claims and Interests** | | |
|---|---|---|---|
| **Class** | **Description** | **Impairment** | **Treatment** |
| 2 | **Secured claim of:**<br>U.S. Bank Trust N.A., as Delaware Trustee for Treaty Oak Mortgage Trust<br><br>**Collateral description:**<br>Real property at 30 South 62nd Street, Philadelphia, PA, together with rents, issues, profits, fixtures, and proceeds.<br><br>**Allowed Secured Amount:**<br>To be determined under 11 U.S.C. § 506(a)<br><br>**Priority of lien:**<br>First-priority mortgage | Impaired and entitled to vote. | **Monthly Payment**<br>Equal monthly installments on allowed secured amount over 84 months<br><br>**Payments Begin**<br>First full month after Effective Date<br><br>**Payments End**<br>Month 84<br><br>**Interest Rate**<br>9%<br><br>**Treatment of Lien**<br>Lien retained until the allowed secured portion is paid in full; released upon satisfaction<br><br>Deficiency to be classified and treated as a general unsecured claim. |
| 3-A | **Secured claim of:**<br>Philadelphia Water Revenue Bureau<br><br>**Collateral description:**<br>Real property at 30 South 62nd Street, Philadelphia, PA<br><br>**Allowed Secured Amount:**<br>$5,803.49<br><br>**Priority of lien:**<br>Municipal statutory lien (water/sewer) | Impaired and entitled to vote. | **Monthly Pmt.**<br>Equal monthly installments on allowed secured amount over 60 months<br><br>**Payments Begin**<br>First full month after Effective Date<br><br>**Payments End**<br>Month 60<br><br>**Interest rate**<br>0%<br><br>**Treatment of Lien**<br>Statutory lien retained until paid in full |
| 3-B | **Secured claim of:**<br>Philadelphia Water Revenue Bureau<br><br>**Collateral description:**<br>Real property at 30 South 62nd Street, Philadelphia, PA<br><br>**Allowed Secured Amount:**<br>$461.45<br><br>**Priority of lien:**<br>Municipal statutory lien | Impaired and entitled to vote. | **Monthly Pmt.**<br>Equal monthly installments on allowed secured amount over 60 months<br><br>**Payments Begin**<br>First full month after Effective Date<br><br>**Payments End**<br>Month 60<br><br>**Interest rate**<br>0%<br><br>**Treatment of Lien**<br>Statutory lien retained until paid in full |

| Class | Description | Impairment | Treatment |
|---|---|---|---|
| 3-C | **Secured claim of:**<br>City of Philadelphia / School District<br><br>**Collateral description:**<br>Real property at 30 South 62nd Street, Philadelphia, PA<br><br>**Allowed Secured Amount:**<br>$4,027.46<br><br>**Priority of lien:**<br>Municipal statutory lien | Impaired and entitled to vote. | **Monthly Pmt.**<br>Equal monthly installments on allowed secured amount over 60 months<br><br>**Payments Begin**<br>First full month after Effective Date<br><br>**Payments End**<br>Month 60<br><br>**Interest rate**<br>0%<br><br>**Treatment of Lien**<br>Statutory lien retained until paid in full |
| 4 | **Secured claim of:**<br>U.S. Small Business Administration<br><br>**Collateral description:**<br>Debtor's personal property, proceeds, and replacements.<br><br>**Allowed Secured Amount:**<br>To be determined under 11 U.S.C. § 506(a)<br><br>**Priority of lien:**<br>UCC Lien | Impaired and entitled to vote. | **Monthly Pmt.**<br>Equal monthly installments on allowed secured amount over 60 months<br><br>**Payments Begin**<br>First full month after Effective Date<br><br>**Payments End**<br>Month 60<br><br>**Interest rate**<br>9%<br><br>**Treatment of Lien**<br>Lien retained until the allowed secured portion is paid in full; released upon satisfaction<br><br>Deficiency to be classified and treated as a general unsecured claim. |