𝔘𝔫𝔦𝔱𝔢𝔡 𝔖𝔱𝔞𝔱𝔢𝔰 𝔅𝔞𝔫𝔨𝔯𝔲𝔭𝔱𝔠𝔶 ℭ𝔬𝔲𝔯𝔱
𝔈𝔞𝔰𝔱𝔢𝔯𝔫 𝔇𝔦𝔰𝔱𝔯𝔦𝔠𝔱 𝔬𝔣 𝔓𝔢𝔫𝔫𝔰𝔶𝔩𝔳𝔞𝔫𝔦𝔞

| | |
|---|---|
| In re:<br>　　Erie Kash Out Properties LLC,<br>　　　　　　　　　Debtor. | Case No. 25-11729-amc<br>Chapter 11 |

**Debtor's Motion to Reinstate Bankruptcy Case**

**AND NOW**, Debtor Erie Kash Out Properties LLC, through its attorney, moves for the entry of an order reinstating this bankruptcy case.

**I.    Jurisdiction**

1. The Court has jurisdiction under 28 U.S.C. § 1334 and the Standing Order of Reference (E.D. Pa. Nov. 8, 1990).

2. This is a core proceeding under 28 U.S.C. § 157(b).

3. The Debtor consents to the entry of a final order by the Court.

4. Venue is proper under 28 U.S.C. § 1409.

**II.    Background**

5. The Debtor petitioned for relief under chapter 11 of the Bankruptcy Code on May 2, 2025.

6. The Debtor's sole asset is real property commonly known as 30 South 62nd Street in the City of Philadelphia, County of Philadelphia, and State of Pennsylvania. The rents collected from that property is the Debtor's only source of income.

7. On July 29, 2025, the U.S. Trustee moved to dismiss the case for failure to file monthly operating reports for the months of May, June, and July 2025. ECF No. 63.

8. The Debtor then filed the May, June, and July 2025 operating reports. ECF No. 66, 72-73.

9. On August 29, 2025, the Debtor and the UST entered into a stipulation resolving the motion to dismiss on the grounds that the Debtor acknowledged its duty to file future operating reports in a timely manner. ECF No. 76.

10. The terms of the stipulation were incorporated into a court order on September 2, 2025. ECF No. 78.

11. On September 17, 2025, the Debtor timely filed the August 2025 operating report. ECF No. 84.

12. On October 21, 2025, the Debtor failed to timely file the September 2025 operating report.

13. On November 21, 2025, the Debtor failed to timely file the October 2025 operating report.

14. On December 10, 2025, the UST moved to dismiss the case for the Debtor's failure to file the September, October, and November 2025 operating reports and comply with the order entered on August 29, 2025.

15. On December 21, 2025, the Debtor failed to timely file the November 2025 operating report.

16. On January 9, 2026, the Court granted the UST's motion and dismissed the case. ECF No. 92. The dismissal order further directed that the Debtor must pay the Subchapter V trustee's fees and costs within ten days of an order approving such fees and costs. Id.

17. The Subchapter V trustee filed her application for compensation on January 15, 2026, but no order has been entered approving such at this time. ECF No. 94.

18. On January 20, 2026, the Debtor belatedly filed the September, October, and November 2025 operating reports, and timely filed the December 2025 operating report. ECF No. 95-98.

19. The Debtor's failure to timely file the September, October, and November 2025 operating reports was the result of health problems experienced by the Debtor's principal, which prevented her from remaining in close contact with the Debtor's attorney.

20. Because dismissal of the case terminated the automatic stay, the South 62nd Street property is subject to public auction at a sheriff sale scheduled for February 3, 2026.

### III. Grounds for Relief

21. It is appropriate to reconsider an order when the factual basis that justified it has changed. See In re Leriche, 2025 WL 3688776 (Bankr. E.D. Pa. Dec. 8, 2025) (Baker, B.J.).

22. Now that the Debtor has filed all required operating reports, it is substantially compliant with the court's September 2, 2025, order and the UST's requirements.

23. Because the stated grounds for dismissal no longer exist, this case must be reinstated.

24. Because the Debtor's only source of income is derived from rental of the South 62nd Street property, the Debtor will necessarily cease operations if it is sold at sheriff sale.

25. If the Debtor ceases operations, it will be unable to pay the Subchapter V trustee's fees and costs.

26. Because the Debtor's continued operation is necessary to pay the Subchapter V trustee, reinstatement of this case is in the best interest of the bankruptcy estate.

**FOR THOSE REASONS,** the Court must grant relief in the form of order attached, and further in the Debtor's favor if necessary and proper under the law.

Date: January 20, 2026                         **SADEK LAW OFFICES LLC**
                                               *Attorney for Debtor*

                                               By: /s/ Michael I. Assad
                                                   Michael I. Assad (#330937)
                                                   1500 JFK Blvd., Suite 220
                                                   Philadelphia, PA 19102
                                                   215-545-0008
                                                   michael@sadeklaw.com