

United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                               Case No. 25-11729-amc

    Erie Kash Out Properties LLC,                   Chapter 11

                Debtor.

**Debtor's Motion to Expedite Hearing on Motion to Reinstate Bankruptcy Case**

**AND NOW**, Debtor Erie Kash Out Properties LLC, through its attorney, moves for the entry of an order scheduling an expedited hearing on the Motion to Reinstate Bankruptcy Case it filed at ECF No. 99 (the "Substantive Motion") under Local Bankr. R. 5070-1(g) and 9014-3; and Fed. R. Bankr. P. 9006(c), 9013, and 9014.

**I.   Jurisdiction**

    1.   The Court has jurisdiction under 28 U.S.C. § 1334 and the Standing Order of Reference (E.D. Pa. Nov. 8, 1990).

    2.   This is a core proceeding under 28 U.S.C. § 157(b).

    3.   The Debtor consents to the entry of a final order by the Court.

    4.   Venue is proper under 28 U.S.C. § 1409.

**II.  Background**

    5.   The Debtor petitioned for relief under chapter 11 of the Bankruptcy Code on May 2, 2025.

    6.   This case was dismissed on January 8, 2026.

7. On January 20, 2026, the Debtor filed the Substantive Motion seeking reinstatement of this bankruptcy case on the basis that the stated grounds for relief supporting the dismissal order no longer exist.

8. The Debtor's sole asset is real property commonly known as 30 South 62nd Street in the City of Philadelphia, County of Philadelphia, and State of Pennsylvania. The rents collected from that property is the Debtor's only source of income.

9. Because dismissal of the case terminated the automatic stay, the South 62nd Street property is subject to public auction at a sheriff sale scheduled for February 3, 2026.

10. Reinstatement of this bankruptcy case would reimpose the automatic stay and prevent the sheriff sale from moving forward on February 3.

### III. Grounds for Expedited Consideration

11. The Debtor will necessarily cease operations if the South 62nd Street property is sold at sheriff sale Given that risk of irreparable harm, the expeditious consideration of the Substantive Motion is necessary and appropriate.

12. The Movant reviewed the Court's calendar pursuant to L.B.R. 5070-1(a) and L.B.R. 9014-3(c). The earliest ordinary hearing date available is March 4, 2026, which is not sufficient given the irreparable harm that will occur to the Debtor if this motion is not heard before the February 3, 2026, sheriff sale.

13. For cause shown, the Court may reduce the time for notice and set an expedited hearing and objection schedule.

14. The Debtor requests that the Court schedule an expedited hearing for Wednesday, January 28, 2026, at 12:30 p.m., and allow objections to be considered at all times before and during the hearing.

### IV. Notice and Consultation

15. The Substantive Motion and the instant motion have been served on all parties registered for service of notices through the CM/ECF system.

16. The Debtor consulted with the following interested parties prior to filing the instant motion:

    a. Mark Cronin, attorney for Secured Creditor U.S. Bank. *Mr. Cronin informed the Debtor that his client does not object to the proposed hearing date and time, without prejudice to its right to object to the Substantive Motion's merit.*

    b. Andrew Fuchs, attorney for Secured Creditor U.S. Small Business Administration. *~~Mr. Fuchs informed the Debtor that his client does not object to the proposed hearing date and time, without prejudice to its right to object to the Substantive Motion's merit.~~Mr. Fuchs did not respond to the Debtor's inquiry, which was sent by email on January 20, 2026, at 6:10 p.m.*

    c. John Schanne, attorney for U.S. Trustee Andrew R. Vara. *Mr. Schanne informed the Debtor that his client does not object to the proposed hearing date and time, without prejudice to his right to object to the Substantive Motion's merit.*

    d. Holly Smith Miller, Subchapter V Trustee. *Ms. Miller informed the Debtor that she does not object to the proposed hearing date and time, without prejudice to her right to object to the Substantive Motion's merit.*

    e. Pamela Thurmond, attorney for Secured Creditor City of Philadelphia. *Ms. Thurmond informed the Debtor that her client does not object to the proposed hearing date and time, without prejudice to its right to object to the Substantive Motion's merit.*

**FOR THOSE REASONS,** the Court must grant relief in the form of order attached, and further in the Debtor's favor if necessary and proper under the law.

3

Date: January 21, 2026               **SADEK LAW OFFICES LLC**
                                     *Attorney for Debtor*

                                     By: /s/ Michael I. Assad
                                         Michael I. Assad (#330937)
                                         1500 JFK Blvd., Suite 220
                                         Philadelphia, PA 19102
                                         215-545-0008
                                         michael@sadeklaw.com

4