| | | |
|---|---|---|
| MIKE ASSAD<br>215-545-0008<br>michael@sadeklaw.com | **Sadek Law Offices, LLC**<br>1500 JFK Boulevard, Suite 220<br>Philadelphia, PA 19102 | |

March 1, 2026

Hon. Ashely M. Chan
U.S. Bankruptcy Court
900 Market Street
Philadelphia, PA 19107

Re:   In re Erie Kash Out Properties LLC
      Chapter 11 Bankruptcy #25-11729-amc

Dear Chief Judge Chan:

    I represent Debtor Erie Kash Out Properties LLC in the above-referenced case. Please accept this letter as a limited objection to the Subchapter V Trustee's request that the Court bar the Debtor from filing a new bankruptcy case until the Debtor pays the Trustee's fees and any other sanctions the Court may impose.

    This Court typically imposes filing bars when a serial filer's prior cases signal that future filings will follow the same pattern. For that reason, bars are usually time-limited, with an exception available upon further order. Here, the Trustee's proposed bar is tied to a specific condition and not a pattern of abuse. In the interest of judicial economy and to prevent any prejudice to the Debtor that could result from requiring motion practice to refile, the Debtor suggests that the Court enter any bar in substantially the following form:

> *The Debtor may not file a new bankruptcy case unless the petition is accompanied by a certification that the Debtor is in full compliance with this Order. If no such certification is filed, the automatic stay under 11 U.S.C. § 362 shall not take effect, and the Court will enter an order directing the Debtor to show cause why the case should not be dismissed and why the Debtor should not be held in contempt and subject to further sanctions.*

                                      Sincerely,

                                        **SADEK LAW OFFICES, LLC**

                                        Mike Assad
                                        Attorney at Law